**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| TURNER CONSULTING AND CONTRACTING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GMS MANUFACTURING CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 2019-106 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant GMS Manufacturing Corp.'s "Motion Requesting Leave to File Third Party Complaint" [ECF 27]. Plaintiff Turner Consulting and Contracting, LLC opposes the motion [ECF 31] and GMS replied [ECF 34].

## I. FACTUAL AND PROCEDURAL BACKGROUND

Turner brought this action against GMS on November 6, 2019, alleging various claims stemming from GMS' work on a construction project on St. Thomas, U.S. Virgin Islands. [ECF 1]. Turner alleges that GMS performed defective work, failed to use the agreed upon materials, performed the work in a negligent manner and failed to adequately respond to Turner's concerns on the project. *Id.* ¶¶ 12-14. Ultimately, Turner alleges GMS "abandoned the Project." *Id.* ¶ 16. Turner raises five causes of action against GMS, including breach of contract, breach of warranty, negligent misrepresentation, fraudulent concealment and fraud in the inducement, and seeks a variety of damages. *Id.* ¶¶ 18-52. On January 8, 2020, GMS answered the complaint and filed a counterclaim against Turner, alleging Turner owes GMS money, presumably under the construction agreement. [ECF 10].[1]

---

[1] Turner has moved to dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [ECF 12].

At the parties' initial scheduling conference, the Court set March 1, 2020 as the deadline for seeking leave to add parties. [ECF 26]. The instant motion was filed on March 2, 2020. [ECF 27].

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 14 governs third party practice. "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). The decision to grant leave to file a third-party complaint is left to the Court's discretion. *Wilhelm Reuss GmbH & Co. KG v. E. Coast Warehouse & Distrib. Corp.,* 2017 U.S. Dist. LEXIS 201308, at *4 (D.N.J. Dec. 6, 2017) (citing *Somportex, Ltd. v. Phila. Chewing Gum Corp*., 453 F. 2d 435, 439 (3d Cir. 1971)). However,

> [a] third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

*FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, *Federal Practice and Procedure*, Vol. 6, § 1446, at 355-58 (1990) (quotation marks omitted)); *see also Gamble v. Treetop Dev., LLC*, 2017 U.S. Dist. LEXIS 124271, at *3 (M.D. Pa. Aug. 7, 2017). "[T]hird party claims must be brought under some theory of secondary liability such as indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law." *Wilhelm Reuss*, 2017 U.S. Dist. LEXIS 201308, at *4-5.

## III. DISCUSSION

Here, GMS proffers a third-party complaint that contains allegations against Inflow Solutions, LLC and Daniel Driscoll (collectively "Inflow"). [ECF 27-1]. GMS contends that

Inflow certified GMS personnel to use its products and that GMS properly used Inflow products on the Turner project. *Id.* ¶¶ 9-10, 12. GMS further contends that despite its proper use of Inflow products on the project, Turner was not satisfied and complained to GMS and Inflow at a meeting. *Id.* ¶¶ 14-15. According to GMS, Inflow revealed for the first time at the meeting that it made a product superior to the one GMS was using on the project. *Id.* ¶¶ 16-17. GMS then alleges that Inflow's statements to Turner regarding the "superior" product and other matters led to Turner filing the instant lawsuit. *Id.* ¶¶ 20-21.

In addition, GMS asserts that Inflow's conduct undermined GMS' work and "gave the impression" to Turner "that GMS could not properly perform its work." *Id.* ¶ 21. GMS contends that Inflow was negligent and made false, defamatory statements that "caused [GMS] to lose their contract with Turner." *Id.* ¶¶ 27-29; *see also id.* ¶ 35 ("[Inflow] caused GMS to lose a contract"); *id.* ¶¶ 37-38 (same). GMS also accuses Inflow of violating "the duty of good faith and fair dealing with GMS." *Id.* ¶¶ 9-10. Finally, GMS claims that Inflow is "also liable to GMS pursuant to the doctrines of common law contribution and indemnity," and is "liable under all applicable federal and local statutes for contribution and indemnity." *Id.* ¶¶ 40-41.

As this summary of the proposed third-party complaint reveals, the factual basis of GMS' claims against Inflow do not derive from Turner's claims against GMS, nor would the success of GMS' claims be dependent on the outcome of Turner's claims against GMS. On the contrary, rather than demonstrating that GMS' and Inflow's acts combined to cause an injury to Turner, for which Inflow may be liable to GMS for contribution or indemnity, GMS pleads facts showing Inflow committed separate torts against GMS, such as misrepresentation or concealment, defamation, or interference with GMS' contract with Turner. Such claims are independent from Turner's claims against GMS. And, although GMS alleges in a conclusory fashion that Inflow is

liable for contribution and indemnity, it offers no facts from which such a conclusion could be reached.[2]

In *Freeman v. Kmart Corp.*, 2009 U.S. Dist. LEXIS 2248 (D.V.I. Jan. 14, 2009), the court discussed factors to be considered in making the decision whether to allow impleader. Borrowing from our "sister courts in Pennsylvania," the *Freeman* court stated the

> factors to be considered when determining whether to grant leave to implead a third-party defendant pursuant to Rule 14, [include]: (1) the timeliness of the motion; (2) whether the filing of the third-party complaint will introduce an unrelated controversy or will unduly complicate the case to the prejudice of the plaintiff; (3) whether the third-party complaint will avoid circuity of action and settle related matters in one law suit; and (4) whether the evidence, witnesses, and legal issues will be substantially the same in the defendant's third-party action and plaintiff's action.

*Id*. at *2-3 (citing *Scobie v. Waco Equip. Co.*, 2008 WL 1943551, at *1 (W.D. Pa. May 1, 2008) (quotations marks omitted)); *see also Bakali v. Jones*, 2018 U.S. Dist. LEXIS 102942, at *5 (W.D. Pa. June 20, 2018) (noting the *Scobie* factors).

Here the Court does not take issue with the timeliness of the motion. The Court's Trial Management Order [ECF 26] provided that the "deadline for seeking leave to amend pleadings or add new parties" was March 1, 2020, a Sunday, and this motion was filed on March 2, 2020.[3] The extra few hours involved are not dispositive of the impleader issue. Additionally, the case is in its infancy.

---

[2] Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). The complaint "must state enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

[3] Turner contends the motion, filed one day after the deadline, was untimely. [ECF 31] at 9.

Viewing the proposed third-party complaint in light of the other factors, however, is more concerning. While the underlying facts of both the original complaint and the proposed third-party complaint are related to the Turner construction project, GMS' purported claims against Inflow are separate from and unrelated to Turner's claims. And, while the evidence and witnesses may overlap to some extent, the legal issues are distinct. Whether Inflow violated a duty of good faith under its contract with GMS is wholly separate, for example, from whether GMS breached its contract with Turner by performing it poorly, which is the gist of the Turner action against GMS. Under these circumstances, impleader under Rule 14 is not appropriate.

## IV. CONCLUSION

While GMS may have viable claims against Inflow, impleader is not the vehicle to raise such claims. Accordingly, the premises considered, it is hereby ORDERED that the motion is DENIED.

**Dated:** May 15, 2020

S________________________________
**RUTH MILLER**
United States Magistrate Judge